The Honorable John W. Parkerson State Representative 300 Exchange, Suite A Hot Springs, Arkansas 71901
Dear Representative Parkerson:
This is in response to your request for an opinion concerning a new resolution adopted by the federal Office of Thrift Supervision. Specifically, you have asked whether Resolution No. 89-358, which amends 12 CFR 545.96, is contrary to any state law, and if so, whether state law would be deemed preempted or superseded.
It is my opinion that the new resolution, in some applications, could be contrary to A.C.A. 23-37-103; but it is also my opinion that the statute is, to the extent of any conflict, preempted by the federal resolution.
The effect of the resolution in question is briefly summarized at54 F.R. 50613-01 as follows:
 The office of Thrift Supervision ("Office") is amending its regulations at 12 CFR part 545 to remove the current restriction banning Federal savings associations from establishing agency offices to originate and service loans outside the same state as the home office of the savings association or the same state of any association's branch office. This change affords Federal savings associations the flexibility required to effectively and efficiently service and manage their multi-state operations. Additionally, the Office is amending 12 CFR 545.96(d) to require notification in writing of agency openings and closings.
This resolution amends 12 CFR 545.96 which formerly provided that:
 A Federal association may, without approval of the Board, to the extent authorized by its board of directors, establish or maintain, within the same state as the home office of the association or the same state as any branch office approved by the Board, agencies which only service and originate (but do not approve) loans and contracts and/or manage or sell real estate owned by the association.
This provision, as amended by Resolution 89-358, may in come instances be contrary to A.C.A. 23-37-103, which provides in pertinent part as follows:
 (a) From and after March 13, 1963, it shall be unlawful for any person, firm, company, association, fiduciary, partnership, or corporation, by whatever name called, except banks, to do business as a savings and loan association or a building and loan association within this state or to maintain any office in this state for the purpose of doing such business, except:
 (1) Associations organized under the laws of this state and subject to this chapter;
(2) Federal associations chartered to do business in this state.
The statute above prohibits federal savings and loan associations which are not chartered in Arkansas from "maintaining" an office in Arkansas for the purpose of doing business. It is my opinion, however, that this statute is preempted by federal law. The Code of Federal Regulations at 12 CFR 545.2 provides as follows:
 The regulations in this Part 545 are promulgated pursuant to the plenary and exclusive authority of the board to regulate all aspects of the operations of Federal associations, as set forth in section 5(a) of the Home Owners' Loan Act of 1933, 12 U.S.C. § 1464, as amended. This exercise of the Board's authority is preemptive of any state law purporting to address the subject of the operations of a federal association.
See also generally A.C.A. 23-37-106.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.